UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| GEORGE KIEBALA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:16 CV 7478 |
| | ) | Hon. Marvin E. Aspen |
| DEREK BORIS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is pro se Plaintiff George Kiebala's motion to reconsider our February 14, 2017 Order granting Defendant Derek Boris' motion to dismiss his complaint for failure to state a claim upon which relief may be granted. (Dkt. No. 21.) Also before us is Kiebala's motion for leave to file an amended complaint. (*Id.*) For the reasons stated below, we deny Kiebala's motion to reconsider and grant his motion for leave to file an amended complaint.

## FACTUAL BACKGROUND

We assume familiarity with the relevant facts as detailed in our Order granting Boris' motion to dismiss and thus do not fully recount them here. *Kiebala v. Boris*, No. 16 C 7478, 2017 WL 590287, at *1–2 (N.D. Ill. Feb. 14, 2017.) Kiebala sued Boris on July 22, 2016, alleging Illinois state law claims for breach of a non-disclosure agreement, breach of contract, libel, tortious interference with business expectancy, and intentional infliction of emotional distress. According to Kiebala's complaint, Boris entered into an agreement with one of Kiebala's businesses, Curvy Road Holdings, LLC ("Curvy Road"), whereby Boris enrolled his luxury automobile in a "time-ownership" program in exchange for a "portion of the revenue

received by Curvy Road for the use of the vehicles." (Compl. ¶ 9.) Kiebala alleged that Boris violated a revenue sharing agreement by withdrawing his vehicle from the program without proper notice of his intent not to renew the agreement. (*Id.* ¶¶ 21–22.) Kiebala further alleged that Boris subsequently made several internet postings revealing confidential information about the business practices of Curvy Road and Exotic Car Share, LLC ("ECS"), another of Kiebala's businesses, in violation of a non-disclosure agreement Boris signed. (*Id.* ¶¶ 30–33.) Those internet postings also formed the basis of Kiebala's libel, intentional infliction of emotional distress, and tortious interference with business expectancy claims. (*Id.* ¶¶ 34–43, 45–55, 71–86.) We granted Boris' motion to dismiss Kiebala's complaint on because we found that Kiebala was not the real party in interest for the breach of non-disclosure, breach of contract, and tortious interference claims he alleged. (Dkt. No. 19.) We allowed Curvy Road and ECS, the real parties in interest, until March 16, 2017 to ratify, join, or be substituted in this action and prosecute those claims, or they will be dismissed with prejudice. Kiebala moved for reconsideration of our Order and leave to file an amended complaint on February 24, 2017, and Boris filed a response on March 13, 2017. (Dkt. Nos. 21, 25.)

## LEGAL STANDARDS

"A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). However, we will not consider arguments or evidence the moving party should have made or produced in the first instance. *See In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Motions to reconsider are disfavored, as "a redo of a matter than has already received the court's attention is seldom a

2

productive use of taxpayer resources." *Burton v. McCormick*, No. 11 C 026, 2011 WL 1792849, at *1 (N.D. Ill. May 11, 2011) (citation omitted).

Kiebala's motion for leave to amend his complaint is governed by Federal Rule of Civil Procedure 15, which permits a party to amend a pleading more than 21 days after service "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P (15)(a)(2). We have discretion to grant amendments "when justice so requires." *Id.* However, we also have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukik v. Auror Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (internal quotation marks omitted) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

## ANALYSIS

### I. Motion to Reconsider

Kiebala first argues we "relied on a legal theory not argued by either party in the briefing and appear[] to have misunderstood Plaintiff's allegations" with regard to his intentional infliction of emotional distress claim. (Pl.'s Mem. ISO of Mot. (Dkt. No. 22) at 2–3.) We dismissed Kiebala's intentional infliction of emotional distress claim in part as barred by the two year statute of limitations set out in 735 ILCS 5/13–202. Kiebala now argues we erroneously relied on Illinois' "continuing violation" rule in finding his intentional infliction of emotional distress claim partially time barred because neither party argued that rule applied. (Pl.'s Mem. at 3–4.)

In determining whether Kiebala's claim was untimely, we first found that:

To the extent Kiebala's claim stems from the alleged defamatory statements made in the July 21, 2015 internet post, his claim falls well within the two year statute of limitations and is timely. Kiebala may not, however, bring an intentional infliction of emotional distress claim for the statements in the February and

3

July 2011 postings, as the statute of limitations for each expired more than three years before he filed this action.

*Kiebala*, 2017 WL 590287, at *6. Kiebala also alleged in his complaint that on July 22, 2015 Boris affirmatively updated a post first made on July 20, 2011. (Compl. ¶¶ 41–43.) In Illinois, a cause of action for intentional infliction of emotional distress "accrues when the interest is invaded." *Pavlik v. Kornhaber*, 761 N.E.2d 175, 186, 326 Ill. App. 3d 731, 745 (2d Dist. 2001) (citing *Hyon Waste Mgmt. Servs., Inc. v. City of Chi.*, 574 N.E.2d 129, 132, 214 Ill. App. 3d 757, 762 (2d Dist. 1991)). Accordingly, we determined that Kiebala's interest was invaded at the time the post was first published on July 20, 2011, and that the "update" on July 22, 2015 did not constitute a separate act which invaded Boris' interest and thus re-triggered the statute of limitations. *Kiebala*, 2017 WL 590287, at *6. That is, we understood Kiebala was alleging that Boris "took affirmative actions to reinjure him" by allegedly updating the July 20, 2011 posting, (Pl.'s Mem. at 3), but found that "the act from which Kiebala's intentional infliction of emotion distress claim flows is the original posting of the statements, not the updating of the post," *Kiebala*, 2017 WL 590287, at *6. We therefore found that the statute of limitations for Plaintiff's intentional infliction of emotional distress claim, insofar as it was based on the July 20, 2011 and July 22, 2015 update, was untimely. *Id.*

In Illinois, "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 190, 199 Ill. 2d 325, 345 (Ill. 2002). Even though Kiebala is correct that neither party argued Illinois' continuing violation rule barred his claim for intentional infliction of emotional distress, (Pl.'s Mem. at 3), we were nonetheless required to determine whether the July 22, 2015 update constituted a "continuing action" such that the statute of limitations for Kiebala's intentional

4

infliction of emotion distress claim stemming from the original July 20, 2011 posting in fact began to run after the "update." *See Pavlik*, 761 N.E.2d at186, 326 Ill. App. 3d at 744. That is, our determination of whether the Illinois continuing violation rule applied could only have helped to extend Kiebala's statute of limitations for his claim stemming from the July 20, 2011 posting. We thus did not find that the continuing violation "barred" his claim, but rather that the continuing violation rule did not apply such that it "re-trigger[ed] that statute of limitations" for his claim. *Kiebala*, 2017 WL 590287, at *6. Accordingly, we deny Kiebala's motion for reconsideration of our determination that his intentional infliction of emotion distress claim was time barred in part.

Second, Kiebala argues that we incorrectly determined that he failed to adequately allege that Boris' conduct was "extreme and outrageous" for the purpose of his intentional infliction of emotional distress claim. (Pl.'s Mem. at 4–7.) We decline to reconsider that decision, as Kiebala does not argue that we misunderstood his argument or that there has been some significant change in the law or facts. *Ligas*, 549 F.3d at 501. Finally, Kiebala similarly asks that we reconsider our finding that Curvy Road and ECS are the real parties in interest for the tortious interference claim he alleged, because "Plaintiff also suffered tortious interference in business relationships outside of his dealings through his companies." (Pl.'s Mem. at 7.) Kiebala again does not argue that we misunderstood his argument or that there has been some significant change in the law or facts, and we decline to reconsider our decision on the basis of Kiebala's new argument. *See In re Prince*, 85 F.3d at 324. We therefore deny Kiebala's motion to reconsider.

## II. Motion for Leave to Amend the Complaint

With regard to his intentional infliction of emotional distress claim, Kiebala asks that we grant him leave to amend his complaint to more clearly allege that Boris has "committed new actions that restarted the statute of limitations" and "to allege the extreme and outrageous nature of Defendant's conduct in greater detail or with greater sufficiency." (Pl.'s Mem. at 4, 7.) Kiebala also requests leave to amend his complaint and add allegations that he "suffered tortious interference in business relationships outside of his dealings through his companies." (*Id.* at 7.) Boris argues in response that such amendments would be futile. (Def.'s Resp. (Dkt. No. 25) at 5–7.)

An amendment is futile if it would not survive a motion to dismiss. *Vargas v. Racine Unified Sch. Dist.*, 272 F.3d 964, 374–75 (7th Cir. 2001). While Kiebala cannot allege facts that would bring his intentional infliction of emotional distress claims stemming from the February and July 2011 postings alone within Illinois' two-year statute of limitations for personal tort actions, 735 ILCS 5/13–202, he could allege additional invasions from which independent intentional infliction of emotional distress claims may flow. Furthermore, Kiebala could feasibly allege additional information regarding the July 20, 2011 posting and July 22, 2015 "update," or additional related postings, which taken together could rise to the level of a timely "continuing violation." Finally, to the extent Kiebala can allege a tortious interference with business expectancy claim that does not "flow only from his status as a managing member of Curvy Road and ECS," he would be the real party in interest and thus his amendment would not be futile. *Kiebala*, 2017 WL 590287, at *5. We therefore grant Kiebala's motion for leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, we deny Kiebala's motion for reconsideration, and grant his motion for leave to file an amended complaint. Kiebala may file an amended complaint on or before May 1, 2017. The status hearing set for April 20, 2017, is continued to June 15, 2017, at 10:30 a.m. It is so ordered.

                                                                       Marvin E. Aspen
                                                                       United States District Judge

Dated: March 29, 2017
        Chicago, Illinois